## Richardson v. Jereb, Tax Collector

Before McCann, P. J., McKendrick and Griffith, JJ.

*C. R. Myers* and *Alton A. McDonald,* for complainant.

*Chas. S. Evans* and *Philip N. Shettig,* for respondent.

PER CURIAM, March 16, 1948.—The question of law to be decided by the court as it applies to the agreed facts is simple in its statement but difficult in its solution. The question is new and we do not have the benefit of appellate court decisions to guide us in our deliberation.

The School Code of May 18, 1911, P. L. 309, sec. 542, as amended, provides that each resident or inhabitant over 21 years of age in every school district of the fourth class which shall levy such tax shall annually pay for the use of the school district a per capita tax of not less than $1 nor more than $5 as may be assessed by the local school district. The board of directors determines what the per capita tax shall be. Section 557 of the act, as amended, provides that if any person, against whom the per capita tax is levied, neglects or refuses to pay such per capita tax after having received 10 days' notice or demand so to do, the

collector of school taxes shall notify the employer of such delinquent taxpayer that the per capita tax has not been paid as required. Whereupon, it becomes the duty of such employer to deduct from any wages that are then or may thereafter become due to the delinquent taxpayer the amount of the said per capita tax and pay the same over to the collector. No question, so far as we are advised, has ever been raised as to the constitutionality of the law permitting a per capita tax for school purposes or the right of the employer of a delinquent taxpayer to deduct the per capita tax charged against the employe himself and to pay the same to the tax collector.

By the Act of May 18, 1945, P. L. 687, 542 of the Act of 1911, supra, was amended so that it now reads:

"Each resident or inhabitant, over twenty-one years of age, in every school district of the second, third, and fourth classes in this Commonwealth, which shall levy such tax, shall annually pay, for the use of the school district in which he or she is a resident or inhabitant, a per capita tax of not less than one dollar nor more than five dollars, as may be assessed by the local school district. Every husband against whose wife a per capita tax is levied shall be liable for the payment of such tax. Collection thereof from such husband may be made and enforced in the manner provided by law for the collection and enforcement of payment of other taxes owing by such husband, including the collection thereof from the husband's employer."

The amendment to section 542 of the Act of 1911 is the amendment whose constitutionality plaintiffs question. By the Act of May 25, 1945, P. L. 1050, the legislature enacted what is known as the "Local Tax Collection Law". Section 20 of said act, as amended, provides for the method of collecting delinquent per capita taxes from an employer. Does the Amendment of 1945,

P. L. 687, offend against the provisions of article IX, sec. 1, of the Constitution of this Commonwealth, which reads as follows:

"Article IX, Section 1

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

It was pursuant to the provisions of the Amendment of April 18, 1945, that defendant proceeded to attach the wages of plaintiff for the per capita tax owing by his wife and unpaid by her. Plaintiff's counsel has filed a most elaborate brief evidencing great research on the question involved. We have read the brief with much profit. Principles of constitutional construction are set out with great detail. We must, however, suggest some others equally fundamental. It is presumed that the legislature will not pass an unconstitutional statute, and the burden is upon one who asserts that it is unconstitutional to prove it. It is only where the unconstitutionality of a statute clearly appears, that the courts will declare it. If there is any doubt as to the constitutionality of a statute, that doubt will be resolved in favor of the legislation. The legislature is not bound to set forth in a preamble its reasons for the legislation. Unless prohibited by the Constitution itself, the legislature is the sole judge of the necessity for legislation on any particular subject. The wisdom of such legislation cannot be reviewed by any court. Counsel on both sides admit that the classifications of the persons affected by the tax, namely, all persons, whether male or female, above the age of 21 years, are reasonable and do not offend against the constitutional provision. The per capita tax levy applies equally to all within the named classes. Plaintiff, however, argues that the amendment which provides that the per capita tax of a married woman

may be collected from her husband, discriminates between married men and single men, and creates a group within a class, whereby the constitutional provision as to uniformity is violated. Plaintiff takes the position that the test of uniformity of taxation applies to the results and not merely to the levy and collection of the tax. We agree that the statement of the rule in Commonwealth v. Delaware Division Canal Co., 123 Pa. 594, "A mere diversity in the methods of . . . collection, however, if these methods are provided by general laws violates no rule of right, if when these methods are applied the results are practically uniform", is a correct statement. Counsel contends further that the amendment in issue permitting a tax collector to proceed against the husband of a married woman without having first exhausted his legal means of enforcing payment from her violates the rule of uniformity in that the per capita tax of the wife becomes the primary responsibility of the husband from the time it is levied, even though she may have a separate estate. It is argued that the result of this situation imposes an additional per capita tax on the husband. In other words, a married man must pay a per capita tax twice. The difficulty with this position is that it assumes that the wife does not intend to pay the per capita tax assessed against her, and, therefore, her husband ipso facto is chargeable with her tax at the time the tax is levied. Under the amendment in issue, it is only where the wife neglects or refuses to pay her per capita tax that any liability devolves upon the husband. If she pays it, the husband is relieved and is not affected by the amendment.

Defendant here argues that there is a distinction between married and single men, therefore, the legislature had the right to place upon married men a specific burden with respect to the payment of their wives' taxes. Plaintiff's counsel assumes that the legislature

invoked the doctrine applicable to "necessaries" and in his brief discusses at length the principles upon which a husband may be held liable for his wife's maintenance. It is true that the legislature has not definitely determined what are necessaries, but the courts have from time to time defined necessaries when compelling a husband to provide adequate support for his wife. As has been argued, the ancient law of necessaries is predicated upon a contractual or quasi-contractual obligation. The principles of agency and contracts are invoked to support the theory of the right of a wife to impose upon the husband the duty of supplying her with the necessaries of life, leaving to the courts, in the absence of statute, the power to determine what are necessaries. The distinctions between taxes and debts have been pointed out and since taxes do not rest upon a contractual or quasi-contractual obligation between the State and the person taxed, it is contended that the burden of paying a wife's per capita tax cannot be included in the doctrine of necessaries. The common-law doctrine does not go beyond the requirement that the husband must supply or pay for his wife's necessaries, and when the wife herself purchases them, she is deemed his agent in the purchase. Plaintiff's position, therefore, is that the things which a husband may be compelled to furnish for his wife's maintenance are the only things that can fix the measure of his liability, and that it rests upon the theory of contract or quasi contract. Further, that only debts of the wife arising from voluntary bargaining can be included in any assessment against the husband. Therefore, plaintiff's counsel argues that since there are distinctions between debts and taxes, the sovereign power cannot include as necessaries anything which is not the subject of debt.

If the courts can, as they have done, define what is meant by necessaries as contemplated by the common-law rule, the legislature can do the same thing. More-

over, the legislature is not bound by either common law or the decisions of the courts to adopt existing definitions, but may itself define. The legislature has not defined necessaries in the statute in issue, nor has it in terms indicated that the legislation is predicated upon any theory of necessaries. It was not required to do so. The legislature may determine the public policy of the Commonwealth within constitutional limitations. This has been recently demonstrated when it committed to the several taxing units of the Commonwealth almost unlimited power to tax persons and objects hitherto exempt. Almost revolutionary in its aspects, the legislative policy with respect to taxation has upset the traditions of more than a century and the power of the legislature to do so has been sustained. While courts may differ in their determination as to what does or does not constitute necessaries, the legislature can define with certainty a definite obligation to the public for the support of government as coming within the class of necessaries even though it is not a debt and does not arise out of contract. Even if we must assume that the legislation in question can be sustained only upon the theory of necessaries and we are compelled to resort to the common-law doctrine of necessaries in order to support a husband's liability for his wife's taxes, there certainly can be no constitutional bar to legislation placing upon the husband liability for something not heretofore determined by the courts to have carried such liability. The mere fact that the legislature has not prior to 1945 intervened in the matter of the husband's liability for his wife's taxes is not a valid argument against its doing so now. No doubt, until 1945, the legislature was not convinced of the necessity for the requirement of such action. It is undoubtedly true that this liability works a certain hardship by imposing upon married men a burden not shared by single men. However, certain burdens are legally

assumed by a married man in respect to financial affairs affecting his wife and about which no legal complaint can be made. Married men have long been distinguished from single men as affecting their liability not only for support but with respect to punishment under the criminal laws. A single man committing an act of sexual intercourse may be guilty of fornication, an offense punishable by a maximum fine of $100. But a married man, committing the same act, is guilty of adultery and subject to a maximum fine of $500 or one year's imprisonment, or both. Distinctions are made between married men and single men with respect to their income tax obligations and as affecting their exemptions. Married men are charged with the duty to support their wives and families. This duty is inherent in the fact of marriage. That there is a legal distinction between married persons and unmarried ones is evidenced by many decisions of our courts. This court, in a recent case, upheld the constitutionality of a statute which prohibited women from performing certain services in establishments dispensing liquor, but the wife of the proprietor was permitted to render the same service legally. We do not believe that it was an improper classification.

In the present case, the obligation of the husband to pay his wife's taxes arises out of the marital relationship. He may be required to pay the taxes of his wife but is not compelled to pay the taxes of any other person. The burden upon him results from the fact of marriage and remains so long as the marriage relation exists, whether he is living with his wife or not. It is true there may be hardships upon a man whose wife has deserted him, yet for whose taxes he remains liable if she does not pay them. There may be hardship where a husband is compelled to pay his wife's per capita tax when she has an estate of her own. These were all matters for consideration by the legislature in formulating a policy and in enacting the law. The courts can

only interpret the legislation passed and we cannot revise the legislative thought.

That few or many individuals may be adversely affected does not militate against the legislature's power to enact the legislation complained of unless the Constitution forbids. The wisdom of the statute is a matter for the consideration of the body that passed it. Our duty is only to examine it and determine whether it comes within the prohibition of the Constitution. In most cases, the married man will be required to pay his wife's per capita school tax because he is the only one who can pay it. That, evidently, was the result the legislature intended. That he has upon him the additional burden of paying his wife's school tax does not involve a double payment of taxes by him. He pays his own per capita tax, although he may be required to furnish his wife with the money to pay hers, either by voluntary contribution or attachment of his wages. The issue as it appears to us, in arriving at the constitutionality of the amendment, is not one of discrimination as between persons in the same class, namely, married men and single men, but rather the right of the sovereign power to distinguish between married men and single men and place a specific burden upon married men in respect to the payment of the tax obligations of their wives. The family relationship between man and wife, resulting from marriage whereby unity of interest is created and maintained, makes a valid class distinction which justifies the legislature in separating married and single men into two classes with separate and distinct liabilities. That single men charged with the duty to support adult female members of their household are not compelled to pay the per capita taxes of such dependents is no valid argument against the right of the legislature to impose that burden on the husband of a wife. While it is true that the imposition of the burden of a wife's per capita tax on

the husband is an anomaly in the law of Pennsylvania and contrary to every past theory of taxation, we believe the legislature had the power to do it.

In our opinion, plaintiff has not shown beyond doubt that the amendment is in conflict with the constitutional provision. Unless unconstitutionality clearly appears, our duty requires us to uphold a coördinate branch of government in exercising its functions.

It follows, therefore, that plaintiff's bill must be dismissed.

### Conclusion of Law

The Act of May 18, 1945, P. L. 687, sec. 542, does not offend against article IX, sec. 1 of the Constitution of the Commonwealth of Pennsylvania.

### Decree Nisi

Now, March 16, 1948, after argument and full consideration of the matters contained in the bill, answer and agreed statement of facts, plaintiff's bill is dismissed at the cost of plaintiff. Unless exceptions are filed to the nisi decree within 10 days, as provided by the Equity Rules, said nisi decree will become the final decree.